FILED
12/06/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2022-0001121-PI
Fehr, Jessica
5.00

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
# YELLOWSTONE COUNTY

GARY & CHERIE DEVERAUX, STEVE & JUDY WOODARD, CHRISTINE BLAYLOCK, KYLE LANGE, JOHN & JOYCE MCDONALD, and TIM & CHRISTI REISENAUER, individually and on behalf of others similarly situated,

*Plaintiffs*,

vs.

MEADOWLARK OF BILLINGS LLC, and HAVENPARK MANAGEMENT LLC,

*Defendants*.

Cause No. 56-2022-0001121-PI

Judge Jessica T. Fehr

Order Granting Emergency Application for Preliminary Injunction and Order Setting Show Cause Hearing

## INTRODUCTION

On November 23, 2022, Plaintiffs filed an Emergency Application for Preliminary Injunction and Request for Order to Show Cause and Brief in Support. Ct. Doc. 3. Said Application seeks an injunction against Defendants as follows:

a. Prohibiting Defendants from engaging in retaliatory conduct, such as increasing rent, decreasing services, or bringing or threatening to bring an action for possession or seeking to evict Residents who pursue the remedies available under Mont. Code Ann. § 70-33-406.

b. Suspending Plaintiffs' rent obligations, and the rent obligations of potential class members, until Defendants comply with their responsibilities under the Montana Residential Mobile Home Lot Rental Act and prohibiting evictions during this time.

c. Ordering Defendants to comply with Mont. Code Ann. 70-33-303 requiring, among other things, reasonable amounts of running water.

    d. Ordering Defendants to consistently provide clean water to Plaintiffs even if that means Defendant has to transport water into Meadowlark's water tanks while it is investigating and remediating the problems with its well.

    e. Ordering Defendants to provide sufficient amounts of drinking and cooking water during the pendency of this action.

    f. Ordering Defendants to repair all broken water lines within six hours of notice of the break or to show cause as to why repairs could not be made within a reasonable time.

    g. Ordering Defendants to provide at least forty-eight hours' notice when it intends to conduct non-emergency repairs.

    h. Ordering Defendants to limit water shut offs for non-emergency repairs to four hours or less, during which times Defendants shall deliver sufficient water to its residents for drinking and cooking.

Plaintiffs further request an order requiring cause to be shown why this motion should not be granted. This Motion is supported by the brief contained herein and Plaintiff's First Amended Complaint and Demand for Jury Trial, filed on November 23, 2022. Ct. Doc. 2. Upon reading Plaintiff's First Amended Complaint and Demand for Jury Trial and the averments therein, along with Plaintiff's Application for Preliminary Injunction, Request for Show Cause Hearing and Brief in Support, the Court finds as follows:

### **FINDINGS**

1. This Court has jurisdiction in this case over the parties hereto.

2. Plaintiffs have established a factual basis for the claims made in this litigation.

3. Plaintiffs have established good cause that Plaintiff will suffer irreparable harm if a temporary order is not issued requiring Defendants to refrain from the acts as set forth in Plaintiff's Application for Preliminary Injunction, Request for Show Cause and Brief in Support and that Defendants conduct, if continued over the course of this litigation will render a judgment ineffectual.

### ORDER OF THE COURT

**Therefore, it is Hereby Ordered**, a preliminary injunction against Defendants is granted as follows:

a) Defendants are prohibited from engaging in retaliatory conduct, such as increasing rent, decreasing services, or bringing or threatening to bring an action for possession or seeking to evict residents who pursue the remedies available under Mont. Code Ann. § 70-33-406.

b) Defendants are ordered to comply with Mont. Code Ann. 70-33-303, requiring, among other things, reasonable amounts of running water.

c) Defendants are ordered to consistently provide clean water to Plaintiffs, even if that means Defendant has to transport water into Meadowlark's water tanks while it is investigating and remediating the problems with its well.

d) Defendants are ordered to provide sufficient amounts of drinking and cooking water during the pendency of this action.

e) Defendants are ordered to repair all broken water lines within six hours of notice of the break, or to show cause as to why repairs could not be made within a reasonable time.

f) Defendants are ordered to provide at least forty-eight hours' notice when it intends to conduct non-emergency repairs.

g) Defendants are ordered to limit water shut offs for non-emergency repairs to four hours or less, during which times Defendants shall deliver sufficient water to its residents for drinking and cooking.

Furthermore, Plaintiffs and Defendants shall appear before this Court on the 13th day of December, 2022 at 9 o'clock a.m. to show cause why they should not continue under the foregoing restrictions during the pendency of this lawsuit.

A copy of this Temporary Restraining Order and Order to Show Cause shall be served upon Defendants at least five (5) days before the time set for hearing.

**Dated and Ordered** this 6th day of December, 2022.

/s/ *Hon. Jessica T. Fehr*

_____

Hon. Jessica T. Fehr
District Court Judge

cc: Teague Westrope, Esq.
Kasodie West, Esq.
Andrew Van Arsdale, Esq.
Jacquelyn Hughes, Esq.